

Villanova University School of Law
Villanova University School of Law Digital Repository

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2010

# Angel Santos v. Clyde Gainey

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Angel Santos v. Clyde Gainey" (2010). *2010 Decisions.* Paper 1641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-139**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4578

_____

ANGEL L. SANTOS,

                                                            Appellant

v.

CLYDE GAINEY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-03436)
District Judge:  Honorable Patrice B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

March 4, 2010

Before: BARRY, FISHER and STAPLETON, <u>Circuit Judges</u>

(Opinion filed: March 24, 2010)

_____

OPINION

_____

PER CURIAM

        On July 30, 2009, appellant Angel L. Santos, a federal prisoner, filed a motion to

proceed <u>in forma pauperis</u>, 28 U.S.C. § 1915, and a civil rights complaint, 42 U.S.C. §

1983, in United States District Court for the Eastern District of Pennsylvania.[1]  Santos alleged in his complaint that Warden Clyde Gainey of the Curran Fromhold Correctional Facility, where he then was detained, violated his civil rights when, as a result of improper security at the prison, correctional officers failed to protect him from two assaults by other inmates.  Santos alleged in his complaint that the assaults occurred on May 26, 2007 and June 29, 2007.  See Complaint, at ¶ V, pp. 4-4B.  Santos sought money damages in the amount of $30,000.00.  The complaint was dated June 23, 2009, as was the in forma pauperis application.

Warden Gainey moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that it was time-barred under the applicable two-year statute of limitations, 42 Pa. Cons. Stat. Ann. § 5524.  Santos's causes of action accrued on the dates of the assaults, and he did not file his complaint until July 30, 2009, a month beyond the deadline for the June assault and two months beyond the deadline for the May assault.  Moreover, he did not allege any facts which would justify tolling the limitation period.

Santos filed a response in opposition to the motion to dismiss, and he also requested that he be allowed to amend his complaint.  In pertinent part, Santos asserted that the filing of his complaint was "hindered" by two processes beyond his control: the need pursuant to his in forma pauperis application to have a prison official certify the

_____

[1] The motion to proceed in forma pauperis was granted.

2

amount of money in his inmate account at FCI-Allenwood, and the need to have a counselor approve postage for an indigent inmate. See Docket Entry No. 12, at p. 2. Without addressing Santos's tolling argument, the District Court, in an order entered on November 3, 2009, granted the Warden's motion to dismiss and denied the request to amend the complaint.

Santos has appealed. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). We exercise plenary review over the District Court's grant of a motion to dismiss. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 262 n.12 (3d Cir. 1998).

The District Court properly determined that Santos's causes of action accrued on the actual dates of the alleged assaults, and properly applied the governing law in concluding that the actions were barred by the two-year statutes of limitation applicable to

3

torts in Pennsylvania. See 42 Pa. Cons. Stat. Ann. § 5524(2), (7). See also Wilson v. Garcia, 471 U.S. 261 (1985) (state statute of limitation applies to actions under 42 U.S.C. § 1983). Ordinarily we would remand in order for the District Court to address Santos's tolling argument in the first instance, but, because it plainly lacks merit, we will not do so here. Insofar as Santos without question was aware of his alleged injury on each occasion, and was under no disability of any kind at any time during the relevant time period, he is not aided in avoiding the time-bar by Pennsylvania's discovery rule, see Fine v. Checcio, 870 A.2d 850, 859 (Pa. 2005) (discovery rule provides that where existence of injury is not known, limitation period does not begin to run until injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct).

Federal equitable tolling, which we assume arguendo might apply, see Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009) ("Where state tolling principles contradict federal law or policy, federal tolling principles may apply in certain limited circumstances."), also does not help Santos avoid the time-bar. Equitable tolling is appropriate where: (1) a defendant actively misleads a plaintiff with respect to his cause of action; (2) the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

Both Santos's complaint and his in forma pauperis application were dated June 23,

4

2007, which raises the question whether tolling would have saved the cause of action relating to the June 29, 2007 assault. Santos contends that the six days he left for prison authorities to complete the paperwork associated with an indigent prisoner's in forma pauperis application – in his case, certifying that he had $0.06 in his prison account, authorizing free postage, and mailing the complaint in time for it to reach the federal district court by the June 29, 2007 deadline – was sufficient.[2] Only if the plaintiff is prevented from asserting his claims in some extraordinary way is tolling permitted. Santos did not explain why he waited almost two years before initiating the process at the prison for completing the in forma pauperis application, and we therefore conclude that he did not exercise the required diligence in pursuing his claim.

There might be some circumstances in which the policies underlying Congress's intent to make the federal courts available to indigent prisoners would warrant tolling where a prisoner takes all the necessary steps in a timely manner to perfect his in forma pauperis application, and through unreasonable delay by prison authorities in completing the prison's part of the paperwork, the prisoner's civil rights complaint is not timely filed. But see Kach, 589 F.3d at 643 (questioning whether Pennsylvania tolling law conflicts with remedial purposes of § 1983 actions). But courts should extend federal tolling only sparingly, see id. at 645 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), and the circumstances of Santos's having waited almost two years to complete his part of

_____

[2] The account certification was signed by an FCI-Allenwood official on June 29, 2009.

the *in forma pauperis* application does not persuade us that federal equitable tolling should apply to him.

For the foregoing reasons, we will summarily affirm the order of the District Court granting the defendant's motion and dismissing the complaint under Rule 12(b)(6).